FIRST NATIONAL BANK OF PARIS *v.* HOLZMAN.

Opinion delivered November 23, 1931.

*Evans & Evans,* for appellant.

McHANEY, J. On December 7, 1929, appellee Holzman, as principal, with the other appellees as sureties, executed and delivered their negotiable promissory note for the sum of $400 to the American Bank & Trust Company of Paris, Arkansas, hereinafter called the trust company, due and payable October 7, 1930, with interest from maturity at 10 per cent. per annum. On March 24, 1930, prior to maturity, appellant, who had $18,000 of county funds on deposit with the trust company, purchased said note and others of the value of $18,000 from the trust company, thereby canceling the amount of its deposit on the books of the trust company. At the same time appellant loaned the trust company $10,000, taking its note secured by bills receivable of the trust company. On April 19, 1930, the trust company was found to be insolvent, and was placed in the hands of the bank commissioner for liquidation. On April 28, 1930, appellee Holzman was notified by appellant that it held his note as owner thereof. When the note became due payment was demanded and refused, and this suit followed. Holzman admitted execution of the note, but defended on the ground that at the time of its purchase by appellant, the trust company was insolvent, known to be so by appellant, and that he was a depositor in the trust company with the right of offset against said note to the extent of his deposit; that he did not owe the

trust company any other note. A trial to a jury resulted in a verdict and judgment in appellant's favor for the amount of the note with interest less a deposit of $249.52, which Holzman had in the bank at the time it was placed in the hands of the Bank Commissioner. From this judgment allowing the deposit of Holzman as an offset against the note this appeal is prosecuted.

We think the trial court erred in refusing to direct a verdict in appellant's favor for the full amount of the note and interest, as requested by it at the conclusion of the testimony. While it is true that the trust company was probably insolvent at that time, there is no substantial proof that appellant knew that it was insolvent. On the contrary, the undisputed proof shows that appellant investigated the affairs of the trust company and had practically agreed to take it over or purchase it, which proposition was submitted to the comptroller of the currency, who advised against it, and the deal did not go through. It is also true, as above stated, that at the time the note in question was acquired with others covering its deposit of county funds with the trust company, it loaned the trust company $10,000 additional, on collateral to bring up its cash reserve. Whether the trust company was insolvent at that time or not, it was not shown to be so to the knowledge of appellant, its officers and agents, within the meaning of § 717, Crawford & Moses' Digest, prescribing when a bank shall be deemed to be insolvent. This section provides five different grounds, the existence of any one of which determines its insolvency, and there is no proof in this case that any one of these grounds existed on that date, March 24, 1930, or that appellant knew that it was insolvent within the meaning of said section. On the contrary, it appears that the officers of appellant believed it to be solvent, and that it would be able to continue its business. Appellant was therefore a holder in due course of the note sued on. Under the Negotiable Instruments Law, § 7818, Crawford & Moses' Digest, a holder in due course of business is defined as follows: "A holder in due course is a holder who has taken the instrument under the fol-

lowing conditions: (1) That it is complete and regular upon its face; (2) that he became the holder of it before it was overdue and without notice that it had previously been dishonored, if such was the fact; (3) that he took it in good faith and for value; (4) that at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.''

The note sued upon is complete and regular upon its face. Appellant purchased it before maturity, in good faith and for value, and without notice of any infirmity in the instrument or defect in the title of the trust company. In fact, said note had not been previously dishonored. It was taken in good faith and for value, and there was no infirmity in the instrument or defect in the title of the trust company. Appellant did not know that Holzman was a depositor in the bank at the time it acquired his note, and it would make no difference under the circumstances in this case if it had known such to be the fact. The learned trial court instructed the jury that if the trust company was insolvent at the time it sold the note to appellant and was known so to be by appellant and Holzman had a deposit with the trust company to the knowledge of appellant, they should find for appellant for the difference between the amount of the note and the deposit. Conceding, but not deciding that such is a correct declaration, as we have already shown, there is no evidence to support it.

Moreover, as shown by the testimony taken on the supplemental motion for a new trial, it appears to be the undisputed fact that Holzman had on deposit in the trust company on March 24, 1930, only the sum of $6.42 instead of $249.52, and that the trust company held his additional note on which he appeared as joint maker with two others in the sum of $2,907.36, which had been credited by the liquidating agent with the amount of his deposit appearing on the books of the bank when it closed its doors in the sum of $249.52. Holzman admitted that he signed this latter note, but stated that he did not owe it. He stated only a conclusion in this regard,

without testifying to any facts which would tend to show that he did not owe it.

It follows that the request for a directed verdict in appellant's favor should have been given, and, as the case appears to have been fully developed, the cause will be reversed and judgment will be entered here for the full amount of the note and interest against the appellees.